IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT E. BROOKE, | : |
| | : |
| Petitioner | : |
| | : CIVIL NOS. 1:11-CV-0463 |
| | :             1:11-CV-0472 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| | : |
| WARDEN, CARBON COUNTY | : |
| CORRECTIONAL FACILITY[1], | : |
| | : |
| Respondent | : |

## **MEMORANDUM**

April 13, 2011

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On March 11, 2011, Petitioner Albert E. Brooke ("Petitioner" or "Brooke"), who presently is confined at the Carbon County Correctional Facility in Nesquehoning, Pennsylvania, initiated the action referenced above at Civil No. 1:11-CV-0463 by filing a Petition for Writ of Habeas Corpus under the provisions of 28

---

[1] Brooke names the SCI Coal Township Superintendent as Respondent in both of the above-referenced actions. Brooke is confined at the Carbon County Correctional Facility in Nesquehoning, Pennsylvania, and therefore, the Warden of that institution is the proper respondent in this case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held.").

U.S.C. § 2254. On March 14, 2011, a nearly identical Petition submitted by Brooke was docketed at Civil No. 1:11-CV-0472. The second Petition differs from the first only in that Brooke slightly alters his statement of supporting facts as to grounds one and three. Because the Petitions are substantively the same, the consolidation of the Petitions into one action would be appropriate. However, upon screening the Petitions, it is apparent that Brooke has failed to exhaust state court remedies, and therefore, as more fully explained below, we shall grant his Motions requesting leave to proceed *in forma pauperis* in both actions for the sole purpose of filing the Petitions, and the Petitions will be dismissed.

In his Petition[2], which was prepared on a form petition for use by individuals in state custody to challenge confinement under the provisions of 28 U.S.C. § 2254, Brooke answers "not applicable" to the questions asking him to provide information relating to the conviction he is challenging, his appeal from his conviction, and any collateral review he sought of his judgment of sentence. His first ground for relief in this Court is that he never has been charged with anything, and instead has been thrown in the hole without having been arraigned or afforded the opportunity to post bail. (*See* Civil No. 1:11-CV-0463, Doc. 1 at 5; Civil No. 1:11-CV-0472, Doc. 1 at 5.)

---

[2]Because Brooke's Petitions are substantively the same, for ease of reference, we shall refer to one "Petition" throughout this Memorandum.

Brooke second ground essentially is a re-statement of his first ground in that he states "no arrest, no arraignment" and again complains that he never appeared before a magistrate to set bail and was instead thrown in the county jail in the R.H.U. [Restricted Housing Unit] to cover-up that he is there.  (*See* Civil No. 1:11-CV-0463, Doc. 1 at 6; *See* Civil No. 1:11-CV-0472, Doc. 1 at 6.)  Brooke's states his third ground as "personal injury," and refers to beating, hitting, and throwing him around and states that his left leg is all black and blue.  (*See* Civil No. 1:11-CV-0463, Doc. 1 at 8; *See* Civil No. 1:11-CV-0472, Doc. 1 at 8.)  Brooke's request for relief is mostly illegible in both Petitions, but it is possible to make out that he is requesting his release from jail, the award of $10,000 per day, and expungement of his record.  (*See* Civil No. 1:11-CV-0463, Doc. 1 at 14; *See* Civil No. 1:11-CV-0472, Doc. 1 at 13.)

Independent research by this Court reveals the following additional relevant background:

In disposing of Brooke's *pro se* petition for post-conviction collateral relief, the Court of Common Pleas of Carbon County, Pennsylvania, summarized the background with respect to Brooke's entry into a negotiated plea agreement and sentencing as follows:

> On August 11, 2004, Albert Edward Brooke (defendant) pled nolo contendere to one count of aggravated indecent assault [footnote omitted] (F2), two counts of corruption of minors [footnote omitted] (M1), and two counts of endangering the welfare of a child [footnote omitted] (M1),

3

>in the case docketed to no. 128 CR 2003 for incidents involving his stepdaughter when she was 5 and 6 years old; defendant also pled nolo contendere to one count of corruption of minors (M1) and one count of endangering the welfare of a child (M1), in the case docketed to no. 129 CR 2003, for incidents involving his 4-year-old stepson. Defendant's pleas were entered pursuant to a negotiated plea agreement in which the majority of the charges filed were to be nolle prossed, several consisting of felonies of the first degree. [footnote omitted.] Under this agreement, defendant was to receive an aggregate sentence of four to eight years' imprisonment in a state correctional facility, followed by 20 years' probation. The plea agreement was accepted by this court and, in accordance with the agreement, defendant was sentenced on the same date. [footnote omitted.]

*Commonwealth v. Brooke*, 7 Pa. D. & C. 5th 129, 2008 WL 6053237 (Pa. Com. Pl. 2008).

The criminal docket in Brooke's case in the Court of Common Pleas of Carbon County at Docket No. CP-13-CR-0000128-2003 shows the following recent developments relating to Brooke's present confinement in the Carbon County Correctional Facility:

On February 15, 2011, the Carbon County Probation Department filed a Motion to Revoke Special Probation.  (*See Commonwealth of Pennsylvania v. Albert Edward Brooke*, CP-13-CR-0000128-2003, Page 88.)[3]  By Order dated February 16, 2011, the Court of Common Pleas of Carbon County granted a motion for an arrest warrant for

---

[3]*See* Pennsylvania's Unified Judicial System Webportal, Common Pleas Courts Docket Sheets, available at http://ujsportal.pacourts.us/DocketSheets/CP.aspx

revocation of special probation. (*See id.*) The arrest warrant was issued and returned on February 17, 2011. (*See id.*, Page 89.) Upon motion of the Carbon County Probation Department, a preliminary hearing scheduled on February 18, 2011 was continued to March 4, 2011. (*See id.*) By Order dated March 2, 2011, upon entry of a stipulation whereby Brooke waived his right to a preliminary revocation (Gagnon I) hearing, the hearing that had been scheduled for March 4, 2011 was waived, and a hearing on the Motion to Revoke Special Probation was scheduled for March 31, 2011. (*See id.*, Page 90.) On March 4, 2011, the Court granted a motion for the appointment of conflict counsel, and conflict counsel was appointed to represent Brooke. (*See id.*, Page 91.) The March 31 hearing subsequently was re-scheduled, and, as of the date of this Memorandum, the docket reflects that it is scheduled for April 25, 2011 at 1:15 PM, and that counsel for Brooke was served with notice of the hearing by First Class mail. (*See id.*, Page 92.)

**DISCUSSION**

As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-20 (1982); *Toulson v. Beyer*, 987 F.2d 984, 986 (3d Cir. 1993); *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing

a federal habeas petition . . . ." *Santana v. Fenton*, 685 F.2d 71, 77 (3d Cir. 1982).[4] The exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson*, 805 F.2d at 138. A habeas corpus petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000)(citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997)).

In the case at hand, it is apparent that Brooke has not exhausted his state court remedies with respect to his first two grounds in which he challenges his confinement pending a hearing on the Carbon County Probation Department's motion to revoke his special probation. Brooke seeks relief on the basis that he allegedly has been thrown in jail without any charges having been filed and without the opportunity to be heard or to post bail. However, it is evident from the Carbon County criminal docket that Brooke chose to waive his right to the preliminary revocation hearing that is required under the provisions of *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). To the extent that Brooke subsequently changed his mind about waiving his right to that preliminary

---

[4]Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock*, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994); *Schandelmeier v. Cunningham*, 819 F.2d 52, 55 (3d Cir. 1986).

hearing, he would be required to seek relief through his counsel in state court before filing a petition with this Court challenging his confinement.

While federal courts may deviate from the exhaustion requirement and intervene in highly exceptional circumstances, such an exception would be justified only if a petitioner lacked any real opportunity to obtain redress in the state court, or if the corrective process was so clearly deficient as to render futile any effort to obtain relief. *See Duckworth v. Serrano*, 454 U.S. 1 (1981). Brooke cannot meet these stringent requirements to obtain premature federal review of the legality of his confinement. In particular, we observe that Brooke still has state remedies available to him, and specifically, will have the opportunity to be heard at the hearing on the motion to revoke his special probation scheduled on April 25, 2011. Moreover, there is no indication that an inordinate delay has or will occur inasmuch as, in accordance with 37 Pa. Code § 71.2, a preliminary revocation hearing was scheduled within fourteen (14) days of Brooke's arrest on February 17, 2011, and the hearing on the motion to revoke special probation has been scheduled for April 25, 2011, which is within 120 days of the date that the preliminary hearing had been scheduled. *See* 37 Pa. Code § 71.2 (3), (10).[5]  Finally, Brooke neither has alleged nor shown any

---

[5] 37 Pa. Code § 71.2, entitled Procedure for Violation of Parole Conditions, contains the following relevant provisions: (3) The preliminary hearing shall be held within 14 days of the detention of the parolee on the Board warrant, and (10) If a violation hearing is scheduled, it shall be held not later than 120 days after the preliminary hearing.

deficiency or irregularity in the state corrective process or other justification sufficient to warrant exemption from the exhaustion rule. Accordingly, the policy behind exhaustion would be best served by dismissing the instant Petitions, without prejudice to Brooke's right to re-file, if necessary, after having fully exhausted his state court remedies.

With respect to Brooke's third ground where he seeks monetary damages for physical injuries he allegedly has suffered while confined at the Carbon County Correctional Facility, this claim is not properly asserted in a petition for writ of habeas corpus. The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). A claim seeking relief for injuries allegedly suffered while in custody does not challenge the fact or duration of confinement, but instead challenges conditions of confinement. Therefore, to the extent that Brooke seeks relief based upon his claim that he has suffered physical injuries, he would be required to pursue it in a properly filed civil rights action.

For the foregoing reasons, Brooke's Petitions will be dismissed without prejudice for failure to exhaust state court remedies, and his cases will be closed. An

appropriate Order shall issue on today's date.